## W. W. WATKINS v. D. S. GREGORY.

COVENANT OF WARRANTY.    *Mixed possession.    When breach occurs.*

> Where a vendee of uncultivated land, under a general warranty of title, acquires and enjoys a mixed possession thereof, along with the holder of a paramount title, his right of action on his covenant of warranty does not accrue until there is an interruption of his enjoyment of such possession.

FROM the circuit court of Monroe county.

G. J. BUCHANAN, Esq., a member of the bar, presided as special judge, by consent.

Action by D. S. Gregory against W. W. Watkins for breach of covenant of warranty. Gregory purchased from Watkins one hundred and sixty acres of land, receiving a warranty deed therefor in 1883. The land was originally owned by W. B. Thompson. He conveyed to Nabors & Gholson April 8, 1850, and the title thus conveyed was finally vested in Watkins. But, prior to the conveyance to Nabors & Gholson, Thompson had conveyed twenty acres of the same land to one Kelly, whose heirs conveyed the same, in 1884, to T. J. Calahan. The latter, in 1885, conveyed it to Mrs. H. M. Delano, who still owns it.

It is not denied that Thompson is the common source of title, or that the title of Mrs. Delano to the twenty acres is paramount. This twenty-acre tract is situated in the corner of the quarter-section purchased by Gregory, and embraces about eight acres which had been inclosed by Kelly, and which passed into the possession of Calahan and Mrs. Delano, and which was never claimed by Gregory, as he supposed it was not part of his land. The remaining twelve acres was uncultivated timber land, and was separated from the land of Gregory by a small creek.

There was evidence to show that Gregory did not know of

any adverse claim to this timbered land, and that he and his tenants deemed it his, and constantly procured from it fire-wood and timber. It was also in evidence that neither Mrs. Delano nor her vendors knew that Gregory's deed called for the twenty acres, or that he claimed any part of it. The land was wholly unsuited for cultivation, and useful only for wood and timber, and it seems that neither claimant was ever interfered with in their limited enjoyment of it. In 1888 Mrs. Delano caused a survey to be made of her lands, when, for the first time, Gregory learned that she had a deed to the, twenty acres. After verifying the survey, and examining her chain of title, Gregory surrendered all claim to the land.

Having thus yielded his possession and surrendered his claim to the holder of the superior title, Gregory begun this action, November 6, 1890, against his vendor, Watkins, to recover on his covenant of warranty the value of the twenty acres of land. The defendant pleaded the statute of limita-tions of six years. On the trial in the circuit court, plaintiff abandoned his claim of damages in respect to the eight acres of which he had never had possession, since, as to that, he was clearly barred. The cause was tried by consent without a jury, and resulted in a judgment in favor of plaintiff for the value of the twelve acres of land. From this judgment the defendant appeals.

*Gilleylen & Leftwitch,* for appellant.

We submit that the breach of the covenant of warranty occurred in 1883. It is usually necessary to show eviction, but if, at the time of sale, there is a paramount title and ad-verse possession, the holding out of the purchaser is equiva-lent to an eviction. Rawle on Cov. for Title, 222; *Witty* v. *Hightower,* 12 Smed. & M., 478; *Davis* v. *Heath,* 11 *Ib.,* 206; *Dyer* v. *Britton,* 53 Miss., 270.

It is not denied that Kelly was in actual occupation of part of the twenty acres in 1883, when plaintiff purchased. Being in actual occupation of a part, there was a legal occupation

of the whole. *Green* v. *Irving*, 54 Miss., 450. The law deems every person to be in legal possession of land to which he has a perfect and complete title, and the possession is co-extensive with his right, and continues until he is ousted by another under claim of right. Angell on Lim., 400 ; *Wilson* v. *Williams*, 52 Miss., 487 ; *Hanna* v. *Renfro*, 32 *Ib.*, 125.

Plaintiff never came into possession of the disputed tract. Unless possession is public and notorious, no notice of it is taken. *Dixon* v. *Cook*, 47 Miss., 220. It is not contended that Calahan or Mrs. Delano had actual notice of appellee's claim. The acts of appellee in reference to the land were not sufficient to put them on notice. See 60 Am. Dec., 715 ; 39 Miss., 737 ; 58 *Ib.*, 487 ; 32 Gratt., 27 ; 33 Ala., 38 ; 46 Am. Dec., 489.

If it be conceded that there was a mixed possession, the seizin will be deemed to be in him who has the better title. Angell on Lim., 443 ; Rawle on Cov. of Title, 225 ; 2 Smith L. Cas., 469 ; 5 Pick., 31 ; 5 Peters (U. S.), 353.

The breach occurred in 1883, and the action is therefore barred by the six-years' statute of limitations.

*E. H. Bristow*, for appellee.

The true rule is, that when lands are wild and unsusceptible of actual possession and cultivation, and not actually in the possession of the true owner, there must be hostile assertion of the paramount title before suit can be instituted on the covenant. *Green* v. *Irving*, 54 Miss., 450.

The doctrine invoked by appellant, that the possession of one occupying part of a tract will be construed to extend to the whole, is correct, but it does not apply to a case like this. It applies where there is constructive possession, and where there is a valid deed on one side, and possession, with color of title, on the other. But it cannot be contended that where a party has a deed to one hundred and sixty acres, there cannot be adverse possession of twenty acres of it. In the case relied on by appellant, the law is stated with a saving clause—

"in the absence of actual adverse possession." I admit that, as between the constructive possession conferred by the deeds to Calahan and Mrs. Delano on the one side, and by Gregory's deed from Watkins on the other, the constructive possession of the former would be superior to that of the latter. But plaintiff has shown actual possession and occupation, under color of title, up to 1888, and that is superior to any mere constructive possession. *Metcalf* v. *McCutcheon*, 60 Miss., 145; *Jones* v. *Gaddis*, 67 Miss., 761.

Gregory was not an intruder, but held under color of title, and, unless the eviction will be deemed to have occurred in 1883, there was no breach of the covenant until 1888. The mere existence of the paramount title was not enough to constitute the breach. An affirmative act, such as surrendering the land, being mere hostile assertion of the paramount title, was not necessary. *Kirkpatrick* v. *Miller*, 50 Miss., 521; *Dyer* v. *Britton*, 53 *Ib.*, 270; *Green* v. *Irving, supra.*

CAMPBELL, C. J., delivered the opinion of the court.

While, as between the two holders of title to the land, their mixed possession would cause the possession to be adjudged as that of the holder of the better title, the breach of the covenant of warranty did not occur until 1888, when, for the first time, there was an interruption of the enjoyment of the possession of the covenantee, and his right of action then accrued.

*Affirmed.*